RECEIVED

JUN 2 2 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 04-30029-02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EMMA BAKER JACKSON | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a "Motion to Be Granted Credit for Time on Bond as 'in Custody' Time" [Doc. No. 109] filed by Emma Baker Jackson. This Court does not have jurisdiction to award credits. *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992) (Interpreting 18 U.S.C. § 3585(b) and holding that the Attorney General through the Bureau of Prisons, not district courts, is authorized to compute sentence credit awards after sentencing.) Defendants, including Jackson, must pursue any claim to credit through the administrative remedies available within the Bureau of Prisons.

However, Jackson claims that she has pursued administrative remedies and that any further attempts are futile, particularly in light of the fact that she will have served her entire sentence before a final response is received from the Bureau of Prisons. Therefore, she requests that the Court find that she has met the administrative exhaustion requirement and review her claim.

The Court construes Jackson's motion as a request for review pursuant to 28 U.S.C. § 2241. Even assuming *arguendo* that Jackson has met the exhaustion requirement, the Court finds that she would not be entitled to receive "credit" from the Bureau of Prisons for the time

that she spent on bond prior to sentencing. Pursuant to 18 U.S.C. § 3585(b), a defendant is only given "credit toward the service of a term of imprisonment for any time [s]he has spent in **official detention** prior to the date the sentence commences." (emphasis added). Time spent on bond is not official detention. *See United States v. Cleto*, 956 F.2d 83 (5th Cir. 1992) (Federal inmate was not "in custody" or in "official detention" during his release on bond and thus was not entitled to sentence credit during that time; for purposes of sentence credit, defendant was required to have been in an actual place of confinement). Accordingly,

IT IS ORDERED that Jackson's "Motion to Be Granted Credit for Time on Bond as 'in Custody' Time" [Doc. No. 109] is DENIED.

Monroe, Louisiana, this 22 day of June, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE